## Davis, Administratrix, v. Przekop

*Raymond T. Law*, for plaintiff.

*Bialkowski, Bialkowski & Bialkowski*, for defendant.

HOBAN, P. J., January 21, 1955.—In this action plaintiff, May Davis, sued under the Wrongful Death Statute and under the Survival Statute for damages for the death of her husband, Jenkin A. Davis, alleged to be due to the negligence of defendant, John F. Przekop. The case was tried before Hoban, P. J., and a jury. Under the wrongful death count of the complaint the jury found a verdict for plaintiff and against defendant in the sum of $2,726, and under the survival action count a verdict for plaintiff and against defendant in the sum of $500, or a total of $3,226.

We are satisfied that a case for the jury was presented and hence that the motion for judgment n. o. v. cannot prevail. There was plenty of evidence from which it could be inferred that defendant drove his automobile at an excessive rate of speed toward an intersection through which plaintiff, driver of another automobile, was passing and to which plaintiff had been committed prior to the close approach of defendant to the intersection. Under the usual rule in such cases the question of negligence of defendant and the legal causation for the damage to plaintiff was one for a jury. True there was evidence to the contrary, but in considering a motion for judgment n. o. v. we are bound by the rule that all facts and inferences of fact legitimately to be derived therefrom in favor of plaintiff are to be taken as true and the evidence to the contrary rejected. The motion for judgment n. o. v. will be refused.

In the matter of a new trial, however, it appears that the trial judge failed to give defendant the benefit of the exception to the dead man's. rule contained in the Act of June 11, 1891, P. L. 287, 28 PS §325. In the course of the presentation of the defense defendant himself was called to the stand and offered as a witness to testify to the facts of the accident, which subsequently resulted in the death of Jenkin Davis. On objection the trial judge declared that defendant was incompetent as a witness because of the operation of the dead man's rule: Act of May 23, 1887, P. L. 158, sec. 5, 28 PS §322.

It is true that the courts have held that the dead man's rule applies equally to the surviving party where the action is in tort as well as in contract. But there is an exception to the rule contained in the Act of 1891, supra. The principle is that the survivor to the thing in action is incompetent to testify as against the interest of decedent, unless by some action of the party representing decedent the surviving party is

made competent. The Act of 1891, sec. 1, provides as follows:

"Nevertheless any surviving or remaining party to such thing or contract . . . whose interest is adverse to the said right of such deceased . . . shall be a competent witness to any relevant matter, although it may have occurred before the death of said party . . . if and only if such relevant matter occurred between himself and another person who may be living at the time of the trial and may be competent to testify, and who does so testify upon the trial, against such surviving or remaining party . . . or *if such relevant matter occurred in the presence or hearing of such other living or competent person.*"

In this case several witnesses, including two passengers in defendant's automobile, were eyewitnesses to the whole occurrence, were competent witnesses and testified for plaintiff adversely to defendant. Thus they testified to "relevant matter" including the approach of defendant's car to the intersection and the collision with plaintiff's car, which obviously occurred in the presence or hearing of such living and competent witness. Having done so at the instance of plaintiff, clearly under the provisions of the Act of 1891 defendant became a competent witness to rebut their testimony, and a refusal to receive the testimony after a proper offer thereof was error, prejudicial to defendant because, to the extent that he was denied opportunity to testify, he was thus deprived to some extent of his day in court. For this reason alone we believe that defendant is entitled to a new trial.

Defendant pressed another reason for a new trial in the rejection of certain testimony of the witness, Stanley Przekop, father of defendant, as to alleged admissions made to him by Jenkin Davis prior to his death. We do not think this reason would justify the award of a new trial, because the only offer submitted

to the trial judge was to testify as to admissions, without making any proper offer of the detailed proof to be elicited from the witness, but for the reason already stated a new trial must be granted.

Now, January 21, 1955, the rule to show cause why judgment non obstante veredicto should not be entered in favor of defendant and against plaintiff is discharged, but the rule to show cause why a new trial should not be granted is made absolute.